UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
JAMES RICHARD ECRET,                    )
                                        )    No. C07-171RSL
                   Plaintiff,           )
                                        )    ORDER DENYING DEFENDANTS'
        v.                              )    MOTION TO DISMISS
                                        )
BLACK DIAMOND, *et al.*,                )
                                        )
                   Defendants.          )
_____)

## I.  INTRODUCTION

This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(2) and FRCP 4(m)" (Dkt. #9).  In their motion, defendants contend that the Court should dismiss plaintiff's claims against all defendants because plaintiff failed to have a summons issued in this matter, and the Court should dismiss plaintiff's claims against the individual defendants under Fed. R. Civ. P. 4(m) because plaintiff failed to properly serve the individual defendants within 120 days of filing the complaint.  For the reasons discussed below, the Court denies defendants' motion to dismiss.

## II.  DISCUSSION

### A.    Background Facts.

On February 1, 2007, plaintiff filed a motion to proceed <u>in forma pauperis</u> ("IFP") along with a complaint for relief under 28 U.S.C. § 1983.  <u>See</u> Dkt. #1.  On March 16, 2007, the Court

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

denied plaintiff's application to proceed IFP.  <u>See</u> Dkt. #3 (stating that "[t]he Clerk shall file the

complaint only upon receipt of the usual filing fee.").  On March 29, 2007, plaintiff paid the

required filing fee and in accordance with the Court's March 16, 2007 order, the complaint was

filed on March 29, 2007.  <u>See</u> Dkt. #4 (Filing fee); Dkt. #5 (Complaint).  A summons has not

been issued in this case.  Instead, as plaintiff's counsel states in his declaration, he decided to

first send requests for waivers of formal service under Fed. R. Civ. P. 4(d):

> At the time of filing, the clerk's office gave me a Subpoena and a cover for
> Praecipe to request summons be filed.  I have not had to file a case in Federal
> Court since approximately 1996.  When reviewing the court rule on service I
> became reacquainted with the Request for Waiver of Service.  I was prepared to
> request summons be issued when I realized I need [sic] to send out the Request for
> Waiver of Service and Waiver of Service to the Defendants.

<u>See</u> Dkt. #13 (Shipley Decl.) at ¶3.

On April 13, 2007, plaintiff's counsel mailed to Rick Luther, the City Administrator for

defendant City of Black Diamond, a request for waiver of formal service from defendant City of

Black Diamond and from the individual defendants.  <u>See</u> Dkt. 13 at ¶4; Response at 3.  On May

15, 2007, a waiver of service was returned to plaintiff's counsel signed by Rick Luther on May

10, 2007 for defendant City of Black Diamond.  <u>See</u> Dkt. #10 (Stellwagen Decl.) at Ex. 2; Dkt.

#13 at Ex. 8.  This waiver of service was not filed with the Court until August 24, 2007.  <u>See</u>

Dkt. #16.  "Sometime in the early part of the week of June 18[th] - 22nd," plaintiff's counsel

received a waiver of service from defendant "John Doe" Kimberly signed June 14, 2007.  <u>See</u>

Dkt. #13 at ¶10, Ex. 10.  This waiver of service was also not filed with the Court until August

24, 2007.  <u>See</u> Dkt. #17.  On June 22, 2007, defendants filed their motion to dismiss.  <u>See</u> Dkt.

#22.  Sometime after June 22, 2007, plaintiff's counsel received a letter from defendant

Christopher Hurst indicating that "he does not waive service."  <u>See</u> Dkt. #13 at ¶11.  The other

individual defendants "John Doe" Chatterson and Nathan J. Vance have not responded to

plaintiff's request for waiver of formal service under Fed. R. Civ. P. 4(d) and have not been

formally served under Rule 4.

1    **B.    Analysis.**

2         As a threshold issue, defendants incorrectly assert in their motion that the complaint in

3    this matter was filed on February 1, 2007 and therefore service of the summons and complaint

4    (or waiver of service) was required by June 1, 2007, 120 days after the February 1, 2007 filing.

5    See Motion at 4 ("On June 1, 2007, 120 days had expired since Ecret had filed his Complaint for

6    Damages.").  In this case a request for IFP status was filed with plaintiff's complaint.  In most

7    cases, the filing of the complaint commences a civil action under Fed. R. Civ. P. 3 and starts the

8    120 days in Rule 4(m) for serving defendants with a summons and the complaint.  But, in cases

9    where the plaintiff has requested permission to proceed IFP under 28 U.S.C. § 1915(a), the court

10   authorizes the commencement of the suit.

11        If there is judicial delay in processing the IFP application, plaintiff may face either a

12   statute of limitations or a service-timing problem depending on whether the complaint is deemed

13   to have been filed at the time the IFP application is filed, versus the date on which the court

14   rules on the IFP application.  Although the Ninth Circuit has not addressed this issue, the

15   Seventh Circuit has resolved this conflict by holding that for purposes of the statue of

16   limitations, an action is "commenced" when the plaintiff initially lodges the complaint with the

17   IFP application, but the start of the 120 days in Rule 4(m) does not begin "until the clerk stamps

18   the complaint 'filed' following an order granting IFP status or belated payment of the docket

19   fee." Williams-Guice v. Bd. of Educ. of the City of Chicago, 45 F.3d 161, 162 (citing Gilardi v.

20   Schroeder, 833 F.2d 1226 (7th Cir. 1987), and Robinson v. America's Best Contacts and

21   Eyeglasses, 876 F.2d 596 (7th Cir. 1989)).  Therefore, in this case, the action was commenced

22   for purposes of statute of limitations when the complaint was lodged with the clerk on February

23   1, 2007 with the IFP application, but the 120-day limitation of Rule 4(m) did not begin until

24   March 29, 2007 when plaintiff paid the filing fee and the complaint was filed by the clerk.  See

25   Dkt. ##3-5.  Therefore, the deadline for service under 4(m) was July 27, 2001, not June 1, 2007

26   as defendants assert in their motion.  As a result, defendants' June 22, 2007 motion to dismiss,

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -3-

1    which was noted for the Court's consideration on July 20, 2007, was premature because the July

2    27, 2007 deadline for service under Fed. R. Civ. P. 4(m) had not yet passed.  In the interest of

3    judicial economy, however, the Court considers the motion at this time given that the July 27,

4    2007 deadline has now elapsed.  For clarity, the Court separately discusses the issues regarding

5    service of defendant City of Black Diamond from the issues regarding the individual defendants.

6    **1.      Defendant City of Black Diamond.**

7    Plaintiff decided to attempt to obtain a waiver of formal service from defendant City of

8    Black Diamond under Fed. R. Civ. P. 4(d).[1]  Rule 4(d)(2), however, provides that a waiver of

9    service may only be sent to an "individual, corporation, or association that is subject to service

10    under subdivision (e), (f), or (h)."  Fed. R. Civ. P. 4(d)(2); see Fed. R. Civ. P. 4 advisory

11    committee's notes (1993 Amendments, subdivision (d)) ("The request for waiver of service may

12    be sent only to defendants subject to service under subdivision (e), (f), or (h)").  Defendant City

13    of Black Diamond, however, is subject to service under Fed. R. Civ. P. 4(j) "Service Upon

14    Foreign, State, or Local Governments" and therefore plaintiff's attempt to obtain a waiver of

15    service from defendant City of Black Diamond under Rule 4(d) was improper.  See Dkt. #1

16    (Complaint at ¶1.13); see, e.g., Whatley v. District of Columbia, 188 F.R.D. 1, 2 (D.D.C. 1999)

17

18    _____

        [1]  Because plaintiff attempted to obtain a waiver of formal service of process under Fed. R. Civ.
19    P. 4(d), defendants arguments that plaintiff's claims should be dismissed for lack of personal jurisdiction
        simply because plaintiff failed to have a summons issued in this matter are inapposite.  See Motion at 4-7;
20    Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service
        of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party
21    the complaint names as a defendant.") (emphasis added).  When a plaintiff decides to attempt to obtain a
        request for waiver of formal service under Rule 4(d), a summons need not have issued for that particular
22    defendant.  See Fed. R. Civ. P. 4(b) ("Upon or after filing the complaint, the plaintiff may present a
        summons to the clerk for signature and seal.").  Under Rule 4(d), a summons is not included with
23    submission for a request for waiver of formal service.  See Fed. R. Civ. P. 4(d)(2)(C); see also Fed R.
        Civ. P. 4 advisory committee's notes (1993 Amendments, subdivision (d)) ("[T]ransmission of the notice
24    and waiver forms is a private nonjudicial act, does not purport to effect service, and is not accompanied
        by any summons or directive from a court") (emphasis added).  A summons is not included with the
25    request for waiver of formal service because the information contained in the summons regarding the time
        to respond to the complaint will conflict with the request for waiver.
26
     ORDER DENYING DEFENDANTS'
     MOTION TO DISMISS                    -4-

1   ("The District of Columbia is subject to service of process under Rule 4(j) of the Federal Rules

2   of Civil Procedure, which specifically governs service upon municipal corporations.").  A

3   procedural quandary exists in this case because while plaintiff should not have sent a request for

4   waiver of formal service to defendant City of Black Diamond, the City Administrator

5   nevertheless signed the waiver and it was returned to plaintiff's counsel.  <u>See</u> Dkt. #16.  The

6   Court has been unable to find any authority analyzing whether service is effective when a

7   defendant subject to service under Rule 4(j) agrees to a waiver of service that should not have

8   been sent under Rule 4(d)(2).  The Fed. R. Civ. P. advisory committee's notes indicate that the

9   entities listed in Rule 4(j) are exempt from requests for waiver of formal service under 4(d)

10  because of the concern that their "mail receiving facilities are inadequate to assure that the

11  notice is actually received by the correct person," and "there are policy reasons why

12  governmental entities should not be confronted with the potential for bearing costs of service in

13  cases in which they ultimately prevail."  <u>See</u> Fed. R. Civ. P. 4 advisory committee's notes (1993

14  Amendments, subdivision (d)).  In this case, these concerns are not present because Rick Luther,

15  defendant City of Black Diamond's Administrator, actually received the notice and signed the

16  request for waiver of formal service.  Given that defendant signed the waiver, it has not borne

17  the cost of service under Rule 4(d)(2).  <u>See</u> Fed. R. Civ. P. 4(d)(2) ("If a defendant located

18  within the United States fails to comply with a request for waiver made by a plaintiff located

19  within the United States, the court shall impose the costs subsequently incurred in effecting

20  service on the defendant unless good cause for the failure be shown.").

21      "Rule 4 is a flexible rule that should be liberally construed so long as a party receives

22  sufficient notice of the complaint."  <u>United Food & Commercial Workers Union v. Alpha Beta</u>

23  <u>Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984).  Here, defendant City of Black Diamond received

24  notice of the complaint and waived service.  Accordingly, the Court declines to dismiss

25  defendant City of Black Diamond under Rule 12(b)(2), especially in this 28 U.S.C. § 1983 case

26

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                         -5-

where public policy favors resolution on the merits.[2]  See Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) ("[P]ublic policy favoring resolution on the merits clearly counsels against dismissal . . . [in] a § 1983 civil rights action.") (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (noting that the public policy favoring resolution on the merits "is particularly important in civil rights cases").

## 2. Individual Defendants.

In their motion, the individual defendants request dismissal of plaintiff's claims against them because they contend that plaintiff failed to comply with Fed. R. Civ. P. 4(m), which states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "District courts have broad discretion to extend time for service under Rule 4(m)." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  Rule 4(m), "requires a district court to grant an extension of time when the plaintiff shows good cause for the delay. Additionally, the rule permits the district court to grant an extension even in the absence of good cause." Id. at 1040 (emphasis in original).  The Ninth Circuit has explained that at "at a minimum, good cause means excusable neglect," requiring a plaintiff to show that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (internal quotation and citation omitted).  In the absence of

---

[2]  As discussed below, dismissal here would be particularly harsh because the statute of limitations would presumptively bar plaintiff's claims on refiling.  But, given that plaintiff should not have sent defendant City of Black Diamond a request for waiver of formal service, even though the Court has extended the time for service, as the Court's order provides below, plaintiff is not excused from properly serving defendant City of Black under Fed. R. Civ. P. 4(j).  See Section III, infra.

1  good cause, the analysis is similar:  "[i]n making extension decisions under Rule 4(m) a district

2  court may consider factors like a statute of limitations bar, prejudice to the defendant, actual

3  notice of a lawsuit, and eventual service."  Efaw, 473 F.3d at 1041 (quotation marks and citation

4  omitted).

5        In this case, plaintiff has failed to show good cause for the failure to comply with Rule

6  4(m).  In his declaration, plaintiff's counsel attempts to shift the blame for failure to timely

7  obtain a waiver of formal service under Rule 4(d) on defendants and their counsel.  See Dkt.

8  #13.  There has been no showing by plaintiff, however, that he attempted to formally serve

9  defendants as the July 27, 2007 deadline approached.  The advisory committee's notes to Rule 4

10  make clear what is intuitive in Rule 4(d):  "[t]he procedure of requesting waiver of service

11  should . . . not be used if the time for service under subdivision (m) will expire before the date

12  on which the waiver must be returned."  Fed. R. Civ. P. 4 advisory committee's notes (1993

13  Amendments, subdivision (d)).  Accordingly, plaintiff has failed to show good cause for the

14  failure to serve the individual defendants by July 27, 2007.  See Khorozian v. McCullough, 186

15  F.R.D. 325, 329 (D.N.J. 1999) ("Why did plaintiffs not comply with Rule 4(m) in the first

16  place?  The record permits only one conclusion:  Plaintiffs attempted to secure a waiver of

17  service. . . . [But] plaintiffs took no steps to effect personal service until after the time within

18  which they were to have done so expired.  Good cause does not exist here.").

19        This is not the end of the inquiry, however, because the Court is permitted to grant an

20  extension under Rule 4(m) even in the absence of a showing of good cause.  The Court finds

21  here, under the factors listed in Efaw, that an extension is warranted.  Efaw, 473 F.3d at 1041.

22  First, if the Court were to dismiss plaintiff's claims in this case, the statue of limitations would

23  presumptively bar plaintiff's claims that relate to the alleged tasing incident in February 2004.[3]

24  _____

25        [3]  The statute of limitations for § 1983 claims is the same as the forum state's statute of limitations
    for a personal injury claim.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  In the State of Washington,

26  the limitations period for a personal injury claim is three years.  See RK Ventures, Inc. v. City of Seattle,

See Dkt. #1 at ¶2.2.  Second, defendants will suffer little prejudice by a minimal extension under Rule 4(m), especially since they filed a motion to dismiss before the time period for service had expired.  Cf. Efaw, 473 F.3d at 1041 (holding that the district court abused its discretion by granting an extension because defendants were prejudiced by a seven year delay in service).  Third, the individual defendants in this case presumptively have notice of the lawsuit given that they are all represented by the counsel that filed the motion to dismiss.  See Dkt. #6 (Notice of appearance on behalf of all defendants).

## III.  CONCLUSION

For all the foregoing reasons, the Court DENIES "Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(2) and FRCP 4(m)" (Dkt. #9).  However, by **November 19, 2007**, plaintiff shall:

1.  Serve defendant City of Black Diamond under Fed. R. Civ. P. 4(j) and file proof of service with the Court; and

2.  Serve defendants Kimberly,[4] Chatterson, Vance, and Hurst under Fed. R. Civ. P. 4(e), and file proof of service with the Court.

Should plaintiff fail to serve the defendants by November 19, 2007 and file proof of service with the Court as required above, upon motion, the Court will dismiss any defendant under Fed. R. Civ. P. 4(m) that has not been properly served under the terms of this order.

DATED this 17th day of September, 2007.

*Mark S Lasnik*

Robert S. Lasnik
United States District Judge

---

307 F.3d 1045, 1058 (9th Cir. 2002) (citing RCW 4.16.080(2)).

[4] Although plaintiff purports to have obtained a waiver from "John Doe" Kimberly, see Dkt. #17, plaintiff has not shown that named plaintiff "Jamie Kimberly" has been served or waived service. Accordingly, plaintiff is directed to serve Jamie Kimberly under this order.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -8-